## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

SHIVAN BASSAW, individually and on behalf
of all others similarly situated,

                              Plaintiff,

        v.

UNITED INDUSTRIES CORPORATION and
SPECTRUM BRANDS, INC.,

                              Defendants.

Case No. 1:19-cv-07759-JMF

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

MORRISON & FOERSTER LLP
Jamie A. Levitt
Yukiu Monica Chan
Lily Valentine Westergaard
250 West 55th Street
New York, New York 10019

MITCHELL SILBERBERG & KNUPP LLP
Jeffrey L. Richardson (*pro hac vice* forthcoming)
Valentine A. Shalamitski (*pro hac vice* forthcoming)
2049 Century Park East, 18th Floor
Los Angeles, California 90067

*Attorneys for Defendants United Industries Corporation
and Spectrum Brands, Inc.*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

FACTUAL BACKGROUND ............................................................................................... 3

ARGUMENT ....................................................................................................................... 5

I.      LEGAL STANDARDS. ............................................................................................ 5

II.     PLAINTIFF'S CLAIMS ON BEHALF OF A NATIONWIDE CLASS MUST BE
        DISMISSED. ............................................................................................................. 6

        A.      This Court Lacks Jurisdiction over Defendants as to the Claims of the Out-
                of-State Putative Class Members. .............................................................. 7

        B.      This Court Should Strike the Nationwide Class Allegations Under Rule
                12(f). .......................................................................................................... 9

III.    PLAINTIFF HAS FAILED TO PLEAD FACTS THAT ESTABLISH ARTICLE
        III STANDING. ...................................................................................................... 10

        A.      Plaintiff Lacks Standing as He Has Failed to Allege an Injury-in-Fact. ............. 10

        B.      Plaintiff Lacks Standing to Seek Injunctive Relief. ............................... 11

IV.     PLAINTIFF FAILS TO PLEAD VIABLE GBL CLAIMS. ........................................ 12

        A.      Plaintiff Has Failed to Plead Actionable Misrepresentation to Support His
                GBL Claims. ............................................................................................ 12

        B.      Plaintiff's Failure to Plead an Injury Is Fatal to His GBL Claims. ....................... 14

        C.      Plaintiff Has Failed to Plead Reliance for His GBL § 350 Claim. ..................... 15

V.      THE LACK OF ACTIONABLE REPRESENTATIONS, TIMELY NOTICE
        AND PRIVITY DOOMS THE EXPRESS WARRANTY CLAIM. ............................... 17

        A.      Plaintiff Has Failed to Allege That any Representation Was Breached or
                That the Product Is Defective. .................................................................. 17

        B.      Plaintiff Has Not Timely Satisfied the Notice Requirement. ............................. 18

        C.      The Lack of Privity Is Fatal to Plaintiff's Warranty Claim. ............................... 19

VI.     THE MMWA CLAIM MUST BE DISMISSED ALONG WITH THE STATE
        LAW WARRNTY CLAIM. ..................................................................................... 20

VII.    THE UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED AS
        DUPLICATIVE. ..................................................................................................... 22

CONCLUSION .................................................................................................................. 23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ackerman v. Coca-Cola Co.*,
   No. CV–09–0395 (JG)(RML), 2010 WL 2925955 (E.D.N.Y. July 21, 2010) ....................15

*Ackerman v. Coca-Cola Co.*,
   No. CV–09–0395 (JG)(RML), 2013 WL 7044866 (E.D.N.Y. July 18, 2013) ....................16

*Almonte v. Averna Vision & Robotics, Inc.*,
   128 F. Supp. 3d 729 (W.D.N.Y. 2015) ................................................................19

*Am. Express Co. v. Italian Colors Rest.*,
   133 S. Ct. 2304 (2013) ........................................................................................10

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*,
   671 F.3d 140 (2d Cir. 2011)..........................................................................10, 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..............................................................................................11

*AT&T Mobility LLC v. Concepcion*,
   131 S. Ct. 1740 (2011) ........................................................................................10

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
   493 F.3d 87 (2d Cir. 2007).....................................................................................6

*Aurecchione v. Schoolman Transp. Sys., Inc.*,
   426 F.3d 635 (2d Cir. 2005)....................................................................................5

*Bank v. Vivint Solar, Inc.*,
   No. 18-CV-2555 (MKB), 2019 WL 2280731 (E.D.N.Y. Feb. 25, 2019), *report
   and recomm. adopted*, 2019 WL 1306064 (Mar. 22, 2019) .......................................8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................6

*Bowling v. Johnson & Johnson*,
   65 F. Supp. 3d 371 (S.D.N.Y. 2014)......................................................................22

*Bristol-Myers Squibb Co. v. Superior Court*,
   137 S. Ct. 1773 (2017).......................................................................................7, 8

*Buonasera v. Honest Co., Inc.*,
   208 F. Supp. 3d 555 (S.D.N.Y. 2016).......................................................................5

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Cali v. Chrysler Grp. LLC,*
No. 10 CIV. 7606 JSR, 2011 WL 383952 (S.D.N.Y. Jan. 18, 2011), *aff'd*, 426
F. App'x 38 (2d Cir. 2011) ......................................................................................21

*Casey v. Odwalla, Inc.,*
338 F. Supp. 3d 284 (S.D.N.Y. 2018)......................................................................12

*Century Pac., Inc. v. Hilton Hotels Corp.,*
528 F. Supp. 2d 206 (S.D.N.Y. 2007)........................................................................1

*Chiarelli v. Nissan N. Am., Inc.,*
No. 14-CV-4327 NGG VVP, 2015 WL 5686507 (E.D.N.Y. Sept. 25, 2015).......20, 21, 22, 23

*Clemens v. DaimlerChrysler Corp.,*
534 F.3d 1017 (9th Cir. 2008) ................................................................................21

*Corsello v. Verizon N.Y., Inc.,*
967 N.E.2d 1177 (2012)..........................................................................................22

*Dacorta v. AM Retail Grp., Inc.,*
No. 16-CV-01748 (NSR), 2018 WL 557909 (S.D.N.Y. Jan. 23, 2018)...................15

*In re Dental Supplies Antitrust Litig.,*
No. 16-CV-696 (BMC) (GRB), 2017 WL 4217115 (E.D.N.Y. Sept. 20, 2017)..................7, 8

*Deshawn E. by Charlotte E. v. Safir,*
156 F.3d 340 (2d Cir. 1998)....................................................................................11

*DiBartolo v. Abbott Labs.,*
914 F. Supp. 2d 601 (S.D.N.Y. 2012)......................................................................19

*Dimond v. Darden Rests., Inc.,*
No. 13 Civ. 5244 KPF, 2014 WL 3377105 (S.D.N.Y. July 9, 2014) ......................15

*DIRECTV, Inc. v. Imburgia,*
136 S. Ct. 463 (2015)..............................................................................................10

*Dorchester Fin. Secs., Inc. v. Banco BRJ, S.A.,*
722 F.3d 81 (2d Cir. 2013)........................................................................................5

*Ebin v. Kangadis Food Inc.,*
No. 13 Civ. 2311 (JSR), 2013 WL 6504547 (S.D.N.Y. Dec. 9, 2013)...................19

**TABLE OF AUTHORITIES**
(continued)

Page

*In re Frito-Lay N. Am., Inc.*,
    No. 12-MD-2413 (RRM)(RLM), 2013 WL 4647512 (E.D.N.Y. Aug. 29,
    2013) ......................................................................................................................9

*Garcia v. Chrysler Grp. LLC*,
    127 F. Supp. 3d 212 (S.D.N.Y. 2015)............................................................20, 21

*Gazzillo v. Ply Gem Indus., Inc.*,
    17-CV-1077, 2018 WL 5253050 (N.D.N.Y. Oct. 22, 2018) ..................................8

*In re: Gen. Motors LLC Ignition Switch Litig.*,
    No. 14-MC-2543 (JMF), 2016 WL 3920353 (S.D.N.Y. July 15, 2016) ..........20, 21

*Glowczenski v. Taser Int'l, Inc.*,
    928 F. Supp. 2d 564 (E.D.N.Y. 2013) ...................................................................1

*Goldin v. Smith & Nephew, Inc.*,
    No. 12 Civ. 9217(JPO), 2013 WL 1759575 (S.D.N.Y. Apr. 24, 2013)..................17

*Goshen v. Mut. Life Ins. Co. of N.Y.*,
    98 N.Y.2d 314 (2002) .............................................................................................9

*Hart v. BHH, LLC*,
    No. 15CV4804, 2016 WL 2642228 (S.D.N.Y. May 5, 2016) ..............................21

*Hernandez v. Autozone, Inc.*,
    323 F.R.D. 496 (E.D.N.Y. 2018) .........................................................................11

*Hidalgo v. Johnson & Johnson Consumer Cos.*,
    148 F. Supp. 3d 285 (S.D.N.Y. 2015)....................................................................9

*Hughes v. Ester C Co.*,
    330 F. Supp. 3d 862 (E.D.N.Y. 2018) ...................................................................1

*Jazini v. Nissan Motor Co., Ltd.*,
    148 F.3d 181 (2d Cir. 1998).................................................................................5

*Kardovich v. Pfizer, Inc.*,
    97 F. Supp. 3d 131 (E.D.N.Y. 2015) ..............................................................13, 14

*Koenig v. Boulder Brands, Inc.*,
    995 F. Supp. 2d 274 (S.D.N.Y. 2014)...............................................................19, 23

*Kommer v. Bayer Consumer Health*,
    252 F. Supp. 3d 304 (S.D.N.Y. 2017), *aff'd*, 710 F. App'x 43 (2d Cir. 2018).................12, 16

iv

# TABLE OF AUTHORITIES
### (continued)

Page

*Kommer v. Bayer Consumer Health*,
    710 F. App'x 43 (2d Cir. 2018) ..........................................................................11

*Landtek Grp., Inc. v. N. Am. Specialty Flooring, Inc.*,
    CV 14-1095, 2016 WL 11264722 (E.D.N.Y. Aug. 12, 2016)...............................19

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)...............................................................................................10

*Mahoney v. Endo Health Sols., Inc.*,
    No. 15cv9841 (DLC), 2016 WL 3951185 (S.D.N.Y. July 20, 2016).....................20

*Martin v. Monsanto Co.*,
    No. EDCV162168JFWSPX, 2017 WL 659014 (C.D. Cal. Feb. 16, 2017)............22

*Nationwide CATV Auditing Servs., Inc. v. Cablevision Sys. Corp.*,
    No. 12-CV-3648 (SJF)(ETB), 2013 WL 1911434 (E.D.N.Y. May 7, 2013) .........15

*Ne. Wholesalers, Inc. v. Owens-Corning Fiberglas Corp.*,
    198 N.Y.S.2d 945 (Sup. Ct. 1960).........................................................................17

*Nicosia v. Amazon.com, Inc.*,
    834 F.3d 220 (2d Cir. 2016)...................................................................................11

*Pelman ex rel. Pelman v. McDonald's Corp.*,
    396 F.3d 508 (2d Cir. 2005)...................................................................................15

*Penguin Grp. (USA) Inc. v. Am. Buddha*,
    609 F.3d 30 (2d Cir. 2010).......................................................................................5

*Preira v. Bancorp Bank*,
    885 F. Supp. 2d 672 (S.D.N.Y. 2012)....................................................................15

*Reed v. Pfizer, Inc.*,
    839 F. Supp. 2d 571 (E.D.N.Y. 2012) ..............................................................17, 18

*In re Scotts EZ Seed Litig.*,
    304 F.R.D. 397 (S.D.N.Y. 2015) ...........................................................................16

*In re Scotts EZ Seed Litig.*,
    No. 12 CV 4727(VB), 2013 WL 2303727 (S.D.N.Y. May 22, 2013)....................22

*Small v. Lorillard Tobacco Co.*,
    94 N.Y.2d 43 (1999) ..............................................................................................14

v

**TABLE OF AUTHORITIES**
(continued)

Page

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540 (2016), *as revised* (May 24, 2016)...........................................6, 10

*Spratley v. FCA US LLC*,
No. 17- CV-0062(MAD)(DEP), 2017 WL 4023348 (N.D.N.Y. Sept. 12, 2017).....................8

*Stutman v. Chem. Bank*,
95 N.Y.2d 24 (2000) .........................................................................12

*Szymczak v. Nissan N. Am., Inc.*,
No. 10 CV 7493 (VB), 2011 WL 7095432 (S.D.N.Y. Dec. 16, 2011)....................................9

*Tamam v. Fransabank Sal*,
677 F. Supp. 2d 720 (S.D.N.Y. 2010).......................................................5

*Tears v. Bos. Sci. Corp.*,
344 F. Supp. 3d 500 (S.D.N.Y. 2018)......................................................17

*Tomasino v. Estee Lauder Cos.*,
44 F. Supp. 3d 251 (E.D.N.Y. 2014) ...........................................12, 13, 17, 18

*W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*,
549 F.3d 100 (2d Cir. 2008)...............................................................5

*Weisblum v. Prophase Labs, Inc.*,
88 F. Supp. 3d 283 (S.D.N.Y. 2015, Furman, J.)......................................20, 22, 23

**Statutes**

15 U.S.C. § 2301(6)(A)..................................................................21, 22

New York General Business Law § 349 ......................................................*passim*

New York General Business Law § 350......................................................*passim*

N.Y. U.C.C. § 2-607 (3)(a) ...............................................................18

# INTRODUCTION

Defendants United Industries Corporation ("UIC") and Spectrum Brands, Inc. ("Spectrum") (collectively, "Defendants") move to dismiss this tenuous case—one in a series this plaintiff's firm has filed against Defendants—in its entirety for lack of personal jurisdiction, lack of standing, and failure to state a claim.

Even after having the opportunity to amend his complaint, Plaintiff Shivan Bassaw's ("Plaintiff") claims still fail as a matter of law.  Putting aside his failure to establish the baseline requirement of his own standing and personal jurisdiction over Defendants for claims brought by non-New York putative class members, Plaintiff's amended complaint ("Amended Complaint" or "Am. Compl.") fails to meet the plausibility standard.  Plaintiff contends that the label of Defendants' Hot Shot Concentrated Deep Reach Fogger ("Hot Shot" or the "Product") made false promises about the Product's pest control abilities.  He still relies solely on a few articles[1] that discuss purported issues with the use of insect foggers generally and insects' potential ability to develop resistance to pyrethrins and cypermethrin (one of two active ingredients in Hot Shot). But these articles are irrelevant:  they do not call into question the representations on Hot Shot's label, and Plaintiff has not identified *any* specific representations made on the Product's label regarding insects' resistance (or lack thereof) to Hot Shot or its active ingredients.  Despite the opportunity to amend, Plaintiff's barebones Amended Complaint still fails to plead how, when or where he used the Product; why the Product was, as he claims, ineffective as pest control; or how he was injured.  In light of the significant and insurmountable pleading deficiencies, Defendants

---

[1] Although the Court need not rule on the admissibility of evidence to dismiss the Amended Complaint, it is well-established that such articles are inadmissible hearsay unless they fall within a hearsay exception, and here they do not.  *See, e.g.*, *Hughes v. Ester C Co.*, 330 F. Supp. 3d 862, 873 (E.D.N.Y. 2018) (excluding webpage and scientific article as inadmissible hearsay); *Glowczenski v. Taser Int'l, Inc.*, 928 F. Supp. 2d 564, 572 (E.D.N.Y. 2013) (holding that published article was inadmissible hearsay); *Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 217 (S.D.N.Y. 2007) ("Newspaper articles offered for the truth of the matter asserted are inadmissible hearsay.").

respectfully move the Court to dismiss the Amended Complaint with prejudice and/or strike Plaintiff's class allegations.

*First*, because Plaintiff has not alleged *any* nexus between New York and the specific claims at issue, the Court lacks jurisdiction over the claims brought on behalf of any non-New York putative class members.  In the alternative, any New York General Business Law ("GBL") claims that Plaintiff purports to bring on behalf of a nationwide class should be struck at the pleading stage because these claims cannot apply to out-of-state purchasers.

*Second*, Plaintiff lacks standing to assert his claims.  Plaintiff has not alleged any concrete, particularized injury that is traceable to the allegedly deceptive labels.  He also does not have standing to pursue injunctive relief, as Plaintiff has not alleged and cannot allege any cognizable threat of irreparable future injury.

*Third*, Plaintiff has failed to establish required elements of his GBL §§ 349 and 350 claims:  an actionable misrepresentation, injury, and reliance.  Plaintiff's conclusory allegations fail to plead how or why any of the representations on Hot Shot's label are false or misleading. The articles Plaintiff points to do not even discuss the effectiveness of the Product specifically, and their "findings" are untethered to any specific representations that appear on the Product's labeling.  In addition, Plaintiff has failed to plead any distinct injury separate and apart from the alleged "deception," which does not suffice.  As a matter of law, Plaintiff's allegations that he would not have purchased the Product or would have been willing to pay less for the Product had he known of the allegedly "false and misleading" labelling are insufficient to establish GBL injury.  Finally, Plaintiff has not plausibly alleged reliance on Defendants' allegedly false advertisements for his GBL § 350 claim.  Accordingly, Plaintiff's GBL claims must be dismissed in their entirety.

ny-1820545

*Fourth*, Plaintiff's claim for breach of express warranty must be dismissed because Plaintiff has not pleaded *any* facts to support his claim that the Product is ineffective for pest control.  Plaintiff does not say how the Product supposedly failed to live up to its representations or why it was ineffective for its stated purposes.  Again, the referenced articles never once mention any specific representations on the Product's labeling.  These allegations are insufficient to plead an actionable misrepresentation.  The breach of express warranty claim must also be dismissed because Plaintiff has failed to timely satisfy the notice requirement and has failed to plead privity between himself and Defendants.

*Fifth*, Plaintiff's claim under the Magnuson-Moss Warranty Act ("MMWA") hinges on the breach of warranty claim under state law, and since the latter claim fails, the MMWA claim should also be dismissed.  In addition, Plaintiff has failed to allege any warranties within the scope of the MMWA.

*Finally*, Plaintiff's unjust enrichment claim fails because it is duplicative.

For all of these reasons, Plaintiff's Amended Complaint should be dismissed with prejudice.

## FACTUAL BACKGROUND

With no concrete, or indeed any, evidence of harm or lack of effectiveness, Plaintiff brings this case about representations that Hot Shot "kills on contact," "controls heavy infestations," "keeps killing up to 2 months," "kills roaches, fleas, ants (except fire ants), spiders, & other listed insects," and "kills hidden bugs . . . penetrates into crevices, cracks & carpet fibers."  (Am. Compl. ¶ 2.)  Plaintiff claims that Hot Shot is "ineffective for pest control" simply because he or his counsel found two articles that discuss the potential limitations of insect foggers when applied under very specific circumstances, such as when cockroaches happen to reside under horizontal surfaces or when pyrethroid-resistant German cockroaches are involved.

3

(*Id.* ¶¶ 6-7, 10.)  And he relies on generalized articles suggesting that household pests *could* develop resistance to pyrethrin[2] and cypermethrin (one of two active ingredients in Hot Shot) after frequent and repeated exposure.  (*Id.* ¶ 9.)  But Plaintiff does not allege how or why these articles, which discuss insect foggers generally, bear on the effectiveness of Hot Shot specifically.  Nor, most importantly, does Plaintiff point to *any* specific representation on the Hot Shot labels regarding insects' resistance to Hot Shot or its active ingredients that is false.

Plaintiff, a citizen of New York, purportedly purchased the Product from an online retailer in 2016 while in the state of New York.  (*Id.* ¶ 13.)  Plaintiff claims conclusorily that he "carefully read the Hot Shot labeling" prior to his online purchase and that "he would not have purchased Hot Shot at all, or would have only been willing to pay a substantially reduced price for Hot Shot, had he known that these representations were false and misleading."  (*Id.*)  But he does not identify how any representations were false or misleading.  He claims that he "used the product as directed, but it did not provide effective insect control as advertised."  (*Id.*)  Aside from these vague and conclusory allegations, Plaintiff fails to provide any details about his purchase, use, or experience with the Product.  Indeed, Plaintiff does not describe how, when, or where he used the Product, nor does he state how or why he determined the Product did not provide effective insect control.

Based on these sparse allegations, Plaintiff asserts claims on behalf of all persons who purchased Hot Shot in the United States ("Nationwide Class") and a subclass of all persons who purchased Hot Shot in New York ("New York Subclass") for deceptive acts or practices and

---

[2] Plaintiff uses the terms "pyrethrin" and "pyrethroid" interchangeably.  This is incorrect.  Pyrethrins are naturally occurring "insecticidal compounds found in chrysanthemum flowers."  *See* Caroline Cox, Cypermethrin, 16 J. of Pesticide Reform 2 (Summer 1996).  By contrast, pyrethroids are synthetic insecticides.  *See id.*

false advertising under New York's GBL §§ 349-350, unjust enrichment, breach of express warranty, and violation of the MMWA.  (*See id.* ¶¶ 19-20, 26-60.)

## ARGUMENT

### I.    LEGAL STANDARDS.

On a Rule 12(b)(2) motion, the plaintiff bears the burden of establishing personal jurisdiction.  *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010).  To do so, a plaintiff's complaint must plead, "in good faith, legally sufficient allegations of jurisdiction." *Dorchester Fin. Secs., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013).  "[P]laintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction."  *Tamam v. Fransabank Sal*, 677 F. Supp. 2d 720, 725 (S.D.N.Y. 2010) (quotation marks and citation omitted).  "[C]onclusory non-fact-specific jurisdictional allegations" and "legal conclusion couched as a factual allegation" do not suffice.  *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998) (citation and quotation marks omitted).

On a Rule 12(b)(1) motion, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence."  *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).  The relevant inquiry "concerns whether the district court has the statutory or constitutional power to adjudicate the case."  *See Buonasera v. Honest Co., Inc.*, 208 F. Supp. 3d 555, 560 (S.D.N.Y. 2016) (citation omitted).  To establish standing under Article III of the United States Constitution, a plaintiff must allege facts supporting:  "(1) *injury-in-fact*, which is a 'concrete and particularized' harm to a 'legally protected interest'; (2) *causation* in the form of a 'fairly traceable' connection between the asserted injury-in-fact and the alleged actions of the defendant; and (3) *redressability* . . . ."  *See W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106-07 (2d Cir. 2008) (citation omitted, emphasis in original).  "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege

facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, if the court can infer no more than "the mere possibility" of misconduct from the factual allegations, dismissal is warranted. *Id*. at 557.

## II. PLAINTIFF'S CLAIMS ON BEHALF OF A NATIONWIDE CLASS MUST BE DISMISSED.

Plaintiff is a New York citizen who allegedly purchased the Product from an unidentified "online retailer." (Am. Compl. ¶ 13.) Plaintiff purports to assert GBL §§ 349 and 350 claims on behalf of himself and a New York Subclass and the unjust enrichment, breach of express warranty, and MMWA claims on behalf of himself and a Nationwide Class against UIC, a Delaware corporation with its principal place of business in Missouri, and Spectrum, a Delaware corporation with its principal place of business in Wisconsin. (Am. Compl. ¶¶ 14, 15, 41, 47, 53.) The *only* jurisdictional allegations contained in the Amended Complaint are that UIC "is a leading manufacturer of consumer pest control products in the United States" and "manufactures the Products under the Hot Shot brand name"; that Spectrum "is a leading supplier of consumer pest control products throughout the United States" and "markets and distributes the Products throughout the United States"; that Defendants have allegedly "sold millions of units of Hot

Shot"; and that "Defendants do business throughout this District." (*Id*. ¶¶ 10, 11, 14, 15, 17.)  As shown below, such allegations are woefully insufficient for the exercise of personal jurisdiction over non-resident Defendants as to the claims of out-of-state putative class members.

        **A.**    **This Court Lacks Jurisdiction over Defendants as to the Claims of the Out-of-State Putative Class Members.**

Any claims asserted by Plaintiff on behalf of any non-New York putative class members must be dismissed under *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017) ("*BMS*").  In *BMS*, the Supreme Court emphasized that "the *suit* must aris[e] out of or relat[e] to the defendant's contacts with the forum" for a court to exercise specific jurisdiction.  137 S. Ct. at 1780 (quotation marks and citation omitted) (emphasis in original).  Applying this well-established principle, the Supreme Court concluded that a California court lacked jurisdiction over a Delaware corporation defendant with a New York headquarters to adjudicate claims regarding defendant's product brought by non-California residents, where the "nonresidents were not prescribed [the product] in California, did not purchase [the product] in California, did not ingest [the product] in California, and were not injured by [the product] in California."  *Id.* at 1781.  Nor were there allegations that defendant developed the product, created a marketing strategy for the product, or manufactured, labeled, packaged, or worked on the regulatory approval of the product in California.  *Id.* at 1778.  Accordingly, the Supreme Court held that exercise of jurisdiction over the nonresident defendant violated the Due Process Clause because there was no "connection between the forum and the specific claims at issue."  *Id.* at 1781.

Courts in the Second Circuit have held that *BMS* applies with equal force in the class action context.  In *In re Dental Supplies Antitrust Litig.*, No. 16-CV-696 (BMC) (GRB), 2017 WL 4217115 (E.D.N.Y. Sept. 20, 2017), the district court dismissed the non-resident defendant from a class action for lack of personal jurisdiction.  Importantly, the court rejected the plaintiffs'

argument that *BMS* did not apply because the suit was brought as a class action.  The court explained: "Plaintiffs attempt to side-step the due process holdings in [*BMS*] by arguing that the case has no effect on the law in class actions because the case before the Supreme Court was not a class action.  This argument is flawed.  The constitutional requirements of due process does not wax and wane when the complaint is individual or on behalf of a class.  Personal jurisdiction in class actions must comport with due process just the same as any other case." *Id.* at *9.  *Accord Gazzillo v. Ply Gem Indus., Inc.*, 17-CV-1077 (MAD/CFH), 2018 WL 5253050, at *7 (N.D.N.Y. Oct. 22, 2018) (dismissing class action claims by out-of-state plaintiffs against out-of-state corporations); *Spratley v. FCA US LLC*, No. 17- CV-0062(MAD)(DEP), 2017 WL 4023348, at *7 (N.D.N.Y. Sept. 12, 2017) (similar).[3]

*BMS* and its progeny confirm that this Court lacks jurisdiction as to the claims brought by out-of-state putative class members.  As in *BMS*, the claims of the out-of-state putative class members here are brought in a forum state with no alleged nexus to their claims.  Plaintiff has not alleged any facts to support a conclusion that out-of-state putative class members purchased the Product in New York, were injured in New York, or that their claims have any connection to Defendants' contacts with New York.  Nor has Plaintiff alleged that Defendants developed the Product, created a marketing strategy for the Product, or manufactured, labeled, packaged, or worked on the regulatory approval of the Product in New York.  Accordingly, the Court should dismiss the claims asserted on behalf of the out-of-state putative class members for lack of personal jurisdiction.  *See BMS*, 137 S. Ct. at 1780-81 and authorities cited *supra*.

---

[3] While some New York district courts choose to defer the application of *BMS* until a later procedural posture of the case, *see, e.g.*, *Bank v. Vivint Solar, Inc.*, No. 18-CV-2555 (MKB), 2019 WL 2280731, at *7 (E.D.N.Y. Feb. 25, 2019), *report and recomm. adopted*, 2019 WL 1306064 (Mar. 22, 2019)), the application of *BMS* is particularly appropriate here because, as noted above, Plaintiff fails to allege *any* sufficient jurisdictional facts to connect Defendants' activities in New York to the claims at issue.

ny-1820545

###### B.   This Court Should Strike the Nationwide Class Allegations Under Rule 12(f).

In the alternative, under Rule 12(f), the Court should strike Plaintiff's allegations

concerning the New York GBL claims to the extent they are brought on behalf of a Nationwide

Class.  *See Hidalgo v. Johnson & Johnson Consumer Cos.*, 148 F. Supp. 3d 285, 292 (S.D.N.Y.

2015) ("Rule 12(f) provides that a court may 'strike from a pleading . . . any redundant,

immaterial, impertinent, or scandalous matter.'").  Although this issue is sometimes deferred to

the class certification stage, "[c]ourts, nonetheless, can address this claim in response to a Rule

12(b)(6) motion." *Szymczak v. Nissan N. Am., Inc.*, No. 10 CV 7493 (VB), 2011 WL 7095432,

at *12 (S.D.N.Y. Dec. 16, 2011); *see also In re Frito-Lay N. Am., Inc.*, No. 12-MD-2413

(RRM)(RLM), 2013 WL 4647512, at *17-18  (E.D.N.Y. Aug. 29, 2013).

Plaintiff cannot assert claims under GBL §§ 349 and 350 on behalf of the Nationwide

Class because it is well established that these provisions apply only to purchases made in New

York state.  *Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324-25 (2002) (holding that

"the transaction in which the consumer is deceived must occur in New York").  Plaintiff appears

to concede that he cannot assert New York claims on behalf of a Nationwide Class.  (*See* Am.

Compl. ¶¶ 20, 21, 27, 34, 41, 47 (bringing GBL §§ 349 and 350 claims on behalf of "all Class

members who purchased Hot Shot in New York").).  But to the extent that Plaintiff purports to

bring the GBL §§ 349 and 350 claims on behalf of a Nationwide Class, this Court should strike

these claims because they cannot apply to out-of-state purchasers.  *See In re Frito-Lay*, 2013 WL

4647512, at *18 (dismissing nationwide GBL §§ 349 and 350 class claims at the pleading stage).

9

### III.    PLAINTIFF HAS FAILED TO PLEAD FACTS THAT ESTABLISH ARTICLE III STANDING.[4]

#### A.    Plaintiff Lacks Standing as He Has Failed to Allege an Injury-in-Fact.

To satisfy the "irreducible constitutional minimum" of standing, a plaintiff must demonstrate, among other things, an injury-in-fact that personally affects the plaintiff and that can be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 & n.1 (1992). The requisite injury-in-fact must be both "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 559-560). Importantly, the plaintiff "bears the burden of establishing standing 'in the same way as any other matter on which [he] bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.' Thus, to survive [defendants'] Rule 12(b)(1) motion to dismiss, [the plaintiff] must allege facts that affirmatively and plausibly suggest that [he] has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (quoting, *inter alia*, *Lujan*, 504 U.S. at 561).

Here, despite two bites at the apple, Plaintiff's conclusory allegations fail to establish a concrete and particularized injury-in-fact. The Amended Complaint alleges that Plaintiff "purchased Hot Shot from an online retailer . . . for approximately $6," allegedly read, believed, and relied on the representations on the Product, and "used the product as directed, but it did not provide effective insect control as advertised." (Am. Compl. ¶ 13.) Critically, Plaintiff's Amended Complaint "is missing . . . factual support . . . [to] nudge [his] alleged injury from one

---

[4] There are potential, additional subject-matter jurisdictional defects with the Amended Complaint because Plaintiff's claims may be subject to an arbitration agreement. Plaintiff fails to plead whether his online purchase is subject to the online terms and conditions, which could contain arbitration and/or class action waiver provisions, both of which are fully enforceable under the Federal Arbitration Act. *See AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011); *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2307 (2013); *DIRECTV, Inc. v. Imburgia*, 136 S. Ct. 463, 471 (2015). If that is the case, Plaintiff cannot pursue this action on his own behalf, let alone on behalf of the putative class members (*see id.*), but must resolve his grievances in arbitration. Defendants reserve all rights in connection therewith.

that is conceivable to one that is plausible." *Amidax Trading Grp.*, 671 F.3d at 146.  Plaintiff

fails to provide any details about how, when, or where he "used the product" or *any* factual basis

to allege that the Product "did not provide effective insect control as advertised," including how

or why he reached this conclusion.  (Am. Compl. ¶ 13.)  Thus, Plaintiff failed to meet his burden

to plead an injury-in-fact.  *See Amidax Trading Grp.*, 671 F.3d at 148 (affirming dismissal of

plaintiff's claims "because [plaintiff] has not alleged more specific details concerning the

[conduct at issue in the complaint]," and "[plaintiff] has not plausibly alleged that it suffered a

'concrete, particularized, and actual or imminent injury-in-fact.'"); *see also Ashcroft v. Iqbal*,

556 U.S. 662, 686 (2009) (the court need not "credit a complaint's conclusory statements

without reference to its factual context").

### B.  Plaintiff Lacks Standing to Seek Injunctive Relief.

Plaintiff also failed to cure his lack of Article III standing to seek injunctive relief, as he

does not and cannot allege any risk of future injury.  (*See* Am. Compl. ¶¶ 32, 39, 61(g).)  To

obtain injunctive relief, a plaintiff must establish "a real or immediate threat" of future injury.

*Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (citation omitted); *see also*

*Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998).  Past injuries "do not

confer standing to seek injunctive relief unless the plaintiff can demonstrate that he is likely to be

harmed again in the future in a similar way." *Nicosia*, 834 F.3d at 239.  Moreover, "[a] plaintiff

seeking to represent a class must personally have standing to pursue each form of relief sought."

*Kommer v. Bayer Consumer Health*, 710 F. App'x 43, 44 (2d Cir. 2018) (internal quotation

marks and citation omitted); *Hernandez v. Autozone, Inc.*, 323 F.R.D. 496, 500 (E.D.N.Y. 2018).

Here, Plaintiff never once alleges any risk of future injury in the Amended Complaint.

There is no allegation that Plaintiff would purchase the Product again in the future.  In fact,

Plaintiff suggests to the contrary, that in light of his current knowledge and contention, he

purportedly "would not have purchased Hot Shot at all . . . had he known that these representations were false and misleading."  (Am. Compl. ¶ 13.)  Courts in this Circuit have rejected similar allegations as insufficient to establish standing for injunctive relief.  *See Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304, 309-10 (S.D.N.Y. 2017) (no standing to seek an injunction, by alleging that "he would not have bought the [products] had he 'known the truth' about the allegedly deceptive marketing, Plaintiff essentially concedes that he will not buy the [products], or be misled by Defendants' marketing, again in the future"), *aff'd*, 710 F. App'x 43 (2d Cir. 2018); *accord Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 299-301 (S.D.N.Y. 2018) (plaintiff's "claim that she would not have purchased the [the] Products had Defendants not misrepresented the contents and nature of their Products, is effectively a concession that she does not intend to purchase the product in the future, particularly if Defendants are required to alter their labeling scheme") (quotation marks and citation omitted).

### IV.    PLAINTIFF FAILS TO PLEAD VIABLE GBL CLAIMS.

#### A.    Plaintiff Has Failed to Plead Actionable Misrepresentation to Support His GBL Claims.

To establish claims under GBL §§ 349 and 350, a plaintiff must plead that "the challenged act or practice . . . was misleading in a material way" and was "likely to mislead a reasonable consumer acting reasonably under the circumstances."  *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000) (internal quotation marks and citation omitted).  "While the claim that the products cannot work is a valid theory of affirmatively misleading advertising," a plaintiff must "allege what the specific ingredients in each product are and that these ingredients lack the ability" to live up to defendant's representations.  *Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251, 258 (E.D.N.Y. 2014).  Plaintiff wholly fails to do that here.

Plaintiff's vague, conclusory allegations that Defendants "fundamentally misrepresent[ed] the ability of Hot Shot to control infestations, kill insects, and to penetrate into cracks and crevices where these pests live and breed" (Am. Compl. ¶¶ 30, 35), with nothing more, cannot support viable GBL claims. *See Tomasino*, 44 F. Supp. 3d at 257-58 (plaintiff's "mere conclusory statements" that defendant's claims are misleading "do not suffice to defeat the motion to dismiss" because "the complaint does not provide 'factual allegations explaining *how* any specific advertising claims were' false or misleading") (emphasis in original). Plaintiff fails to identify *what* was misrepresented, *how* any statement was false, *what* specific ingredients in Hot Shot are at issue, and *how* each of these ingredients fails to live up to representations on the Hot Shot label.

Nor can Plaintiff rely on the articles cited in the Amended Complaint to salvage his claims, as they are unsubstantiated, general, and unrelated to the labels or representations at issue in the Amended Complaint. "[W]here plaintiffs point to scientific studies that they allege actually disprove a product's claims, [] a stark disconnect between the scientific studies and the claims made about [the product's] benefits is fatal to plaintiffs' complaint." *Kardovich v. Pfizer, Inc.*, 97 F. Supp. 3d 131, 138 (E.D.N.Y. 2015). The *Kardovich* case is instructive. There, the District Court granted defendant's Rule 12(b)(6) motion to dismiss plaintiffs' GBL claims relating to representations on defendant's multivitamins packaging concerning the positive health benefits of the products. *Id.* at 141. The court rejected the scientific materials presented by plaintiffs because the materials "1) specifically address cancer, cardiovascular problems, and cognitive function, wholly different health issues than those underlying the representations made by defendant with regard to [the product's] health benefits, or 2) address the health benefits of products other than multivitamins." *Id.* at 137-138. Due to these "mismatches," the court held

that "the science does not undercut [defendant's] statements regarding its health benefits, and thus, plaintiffs have failed to raise a plausible claim." *Id.* at 138.

Likewise, here, there is a "stark disconnect" between Plaintiff's allegations regarding the articles—which found that insects may build up resistance to pyrethroids over time and that applications of insect foggers under certain circumstances could result in more insecticide deposits in some areas and less in others, (Am. Compl. ¶¶ 6-10)—and the representations at issue—that Hot Shot "kills on contact," "controls heavy infestations," "keeps killing up to 2 months," "kills roaches, fleas, ants (except fire ants), spiders, & other listed insects," "kills hidden bugs," and "penetrates into crevices, cracks & carpet fibers," (*Id.* ¶ 2).  And, the articles cannot plausibly support Plaintiff's claim that this Product is "ineffective for pest control."  (*Id.* ¶ 3.)  Plaintiff's GBL §§ 349 and 350 claims fail accordingly and should be dismissed.

### B.   Plaintiff's Failure to Plead an Injury Is Fatal to His GBL Claims.

In his Amended Complaint, Plaintiff still does not plead an injury separate and distinct from the alleged deception, which is insufficient to support a GBL claim.  A plaintiff must allege either "pecuniary or 'actual' harm," separate and apart from any alleged "deception," to state a claim under GBL §§ 349 and 350.  *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56 (1999).

Here, Plaintiff has done neither.  Rather, he alleges only that had he known that representations regarding Hot Shot were purportedly "false and misleading," "he would not have purchased Hot Shot at all."  (Am. Compl. ¶ 13.)  This is exactly the type of allegation that the New York Court of Appeals has rejected as insufficient to state a claim for deceptive business practices or false advertising under the GBL because it "sets forth deception as both act and injury."  *Small*, 94 N.Y.2d at 56 (rejecting the argument that "consumers who buy a product that they would not have purchased, absent a manufacturer's deceptive commercial practices, have suffered an injury under General Business Law § 349").  Plaintiff's contention that he "would

14

have only been willing to pay a substantially reduced price for Hot Shot" likewise fails to plead injury. *See Dacorta v. AM Retail Grp., Inc.*, No. 16-CV-01748 (NSR), 2018 WL 557909, at *9 (S.D.N.Y. Jan. 23, 2018) (plaintiff failed to plead injury because allegations that "she would not have 'paid the amount she did' but for the deceptive practices . . . alone do not, demonstrate why a premium was paid for the product or *how* the product failed to live up to its advertising") (emphasis in original).

Thus, Plaintiff's vague and conclusory allegations cannot satisfy his burden to plead an injury separate and distinct from the alleged deception, and his GBL claims must be dismissed. *See Dimond v. Darden Rests., Inc.*, No. 13 Civ. 5244 KPF, 2014 WL 3377105, at *9 (S.D.N.Y. July 9, 2014) (dismissing GBL § 349 claim "because [p]laintiff has failed to allege an actual or pecuniary harm . . . that is separate and apart from the alleged deception itself"); *Preira v. Bancorp Bank*, 885 F. Supp. 2d 672, 679 (S.D.N.Y. 2012) (dismissing GBL § 349 claim because plaintiff's claim "sets forth deception as both act and injury").

### C.    Plaintiff Has Failed to Plead Reliance for His GBL § 350 Claim.

Plaintiff's GBL § 350 claim must also be dismissed because he does not plausibly plead reliance on Defendants' allegedly false advertisements. *See Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005) (stating that while a private GBL § 349 claim does not require a showing of reliance, a private GBL § 350 claim does); *Ackerman v. Coca-Cola Co.*, No. CV–09–0395 (JG)(RML), 2010 WL 2925955, at *22 (E.D.N.Y. July 21, 2010) ("To prevail on a claim under GBL § 350, a plaintiff must demonstrate reliance on defendants' false advertising."); *Nationwide CATV Auditing Servs., Inc. v. Cablevision Sys. Corp.*, No. 12-CV-3648 (SJF)(ETB), 2013 WL 1911434, n.7 (E.D.N.Y. May 7, 2013).[5]

---

[5] There is currently a split among New York courts on whether reliance is a necessary element of GBL § 350 claim. The courts cited above required a plaintiff to establish reliance, but some other courts do not require reliance. *See,*

Plaintiff alleges conclusorily that he relied on the representations on the Hot Shot labeling in that "he would not have purchased Hot Shot at all, or would have only been willing to pay a substantially reduced price for Hot Shot, had he known that these representations were false and misleading."  (Am. Compl. ¶ 13.)  But even accepting Plaintiff's allegations as true, Plaintiff has not "point[ed] to a *specific* advertisement or public pronouncement upon which [he] relied," instead, he merely lists practically every representation on Hot Shot's labeling and claims that he relied on them.  *See Kommer*, 252 F.Supp.3d at 310 n.2 (emphasis added).

Further, Plaintiff has not demonstrated that he otherwise had no independent means of discovering the truth about the alleged misrepresentations.  *Ackerman v. Coca-Cola Co.*, No. CV–09–0395 (JG)(RML), 2013 WL 7044866, at *2 (E.D.N.Y. July 18, 2013) ("Under New York law, [r]eliance on defendants' misrepresentations will not be presumed where plaintiffs had a reasonable opportunity to discover the facts about the transaction beforehand by using ordinary intelligence or where a variety of factors could have influenced a class member's decision to purchase.") (internal citations and quotations omitted).  To the contrary, the Amended Complaint cites numerous publicly available articles regarding insect foggers, several of which are years, or even decades, old.  (Am. Compl. ¶¶ 4, 6, 7, 9, 10.)  Plaintiff essentially concedes that "by using ordinary intelligence" and conducting his own research, he could have learned of Defendants' supposed misrepresentations before he purchased the Product.

---

*e.g.*, *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 409 (S.D.N.Y. 2015).

## V.      THE LACK OF ACTIONABLE REPRESENTATIONS, TIMELY NOTICE AND PRIVITY DOOMS THE EXPRESS WARRANTY CLAIM.

### A.      Plaintiff Has Failed to Allege That any Representation Was Breached or That the Product Is Defective.

Plaintiff has not plausibly alleged that Defendants breached *any* express warranty or that Hot Shot is defective.  To make out a claim for breach of an express warranty under New York law, a plaintiff must demonstrate that "an express warranty existed, was breached, and the plaintiff had relied on that warranty."  *Reed v. Pfizer, Inc.*, 839 F. Supp. 2d 571, 578 (E.D.N.Y. 2012).  Moreover, "a successful breach of warranty claim requires that the product be defective." *Id.*  Courts have routinely dismissed express warranty claims that are supported only by vague and conclusory allegations that "do not provide a sufficient factual basis to establish a plausible breach."  *Tomasino*, 44 F. Supp. 3d at 263 (dismissing breach of warranty claim arising from defendants' marketing of five cosmetic products where plaintiff only alleged conclusorily that "they 'do not and cannot live up to the efficacy claims made by Estee Lauder'"); *see also Tears v. Bos. Sci. Corp.*, 344 F. Supp. 3d 500, 513 (S.D.N.Y. 2018) (dismissing breach of express warranty claim because plaintiff's allegations were "not sufficient to draw a reasonable inference that [the product] was defective" or that what defendant "promised was different than what they provided"); *Goldin v. Smith & Nephew, Inc.*, No. 12 Civ. 9217(JPO), 2013 WL 1759575, at *6 (S.D.N.Y. Apr. 24, 2013) (dismissing express warranty claim where plaintiff has not "alleged . . . sufficient facts in support of her allegation that the [product at-issue] was, in fact, defective"); *Ne. Wholesalers, Inc. v. Owens-Corning Fiberglas Corp.*, 198 N.Y.S.2d 945, 948 (Sup. Ct. 1960) ("An allegation of defect is insufficient to make the complaint good, since there is no categorical statement of the existence of any specified defect or variance of the product delivered from the product as warranted.").

Here, Plaintiff fails to allege that the Product is defective or that any representation expressly made on the Hot Shot labeling was breached, except in the most vague and conclusory sense.  Plaintiff conclusorily and implausibly claims only that "Hot Shot does not conform to the above-referenced Representations because Hot Shot is ineffective for its stated purposes."  (Am. Compl. ¶ 49.)  But the Amended Complaint is devoid of *any* factual information on the manner in which the Product supposedly failed to live up to the representations or why it was *entirely* "ineffective for its stated purposes."  (*Id.*)  Plaintiff's express warranty claim should be dismissed accordingly.  *See, e.g.*, *Reed*, 839 F. Supp. 2d at 579 (dismissing express warranty claim where "Plaintiffs' unsupported conclusions that [the product] differed in some defective manner from what was warranted lack the required factual content identifying that difference and making its existence plausible").

## B.        Plaintiff Has Not Timely Satisfied the Notice Requirement.

To make out a breach of warranty claim under New York law, "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."  N.Y. U.C.C. § 2-607 (3)(a).

Here, Plaintiff alleges that "a pre-suit notice letter was sent to Defendants via certified mail that provided notice of Defendants' breach of warranty and demanded that Defendants rectify the breaches of warranty complained of herein" and attached as Exhibit A to the Amended Complaint the notice letter (the "Notice Letter").  (Am. Compl. ¶ 51.)  But the Notice Letter was sent to Defendants on August 9, 2019, almost three years after Plaintiff purportedly purchased the Product on August 21, 2016.  (*See id.* ¶ 13.)  This is not timely notice.  *See* N.Y. U.C.C. § 2-607 (3)(a) (buyer must provide notice "*within a reasonable time* after he discovers or should have discovered any breach") (emphasis added); *Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251, 261 (E.D.N.Y. 2014) (dismissing breach of warranty claim for failure to provide

18

notice and denying plaintiff the opportunity to re-plead because "the two to three years that the plaintiff allowed to pass from 'in or about 2010' until the time of her letter on July 3, 2013, constituted an unreasonable delay").

### C.   The Lack of Privity Is Fatal to Plaintiff's Warranty Claim.

Plaintiff's claim for breach of express warranty also fails as a matter of law because there is no allegation that Plaintiff was in privity with either Defendant.  To assert a claim for breach of express warranty under New York law, a plaintiff must allege that "there was an affirmation of fact or promise by the seller, the natural tendency of which was to induce the buyer to purchase and that the warranty was relied upon to the plaintiff's detriment."  *DiBartolo v. Abbott Labs.*, 914 F. Supp. 2d 601, 625 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).  But "privity is an essential element of a cause of action for breach of express warranty," unless the plaintiff claims to have suffered personal injuries (as opposed to solely economic injuries).  *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014) (dismissing milk-purchasers' breach of express warranty with prejudice for failure to allege privity with defendants); *see also Ebin v. Kangadis Food Inc.*, No. 13 Civ. 2311 (JSR), 2013 WL 6504547, at *6 (S.D.N.Y. Dec. 9, 2013) (dismissing all "breach of warranty claims, express and implied, for failure to plead privity or agency"); *Landtek Grp., Inc. v. N. Am. Specialty Flooring, Inc.*, CV 14-1095 (SJF) (AKT), 2016 WL 11264722, at *35 (E.D.N.Y. Aug. 12, 2016) ("Pursuant to New York law, in order to sustain an action based upon a breach of warranty theory, it is essential that privity be established."); *Almonte v. Averna Vision & Robotics, Inc.*, 128 F. Supp. 3d 729, 755 (W.D.N.Y. 2015) ("[U]nder New York law, privity is an essential element of a cause of action

for breach of express warranty, unless the plaintiff claims to have been personally injured.") (internal citation and quotations omitted).[6]

Plaintiff claims only that he purchased a Hot Shot fogger from an "online retailer" (Am. Compl. ¶ 13), but does not allege that he was in privity with the Defendants. Nor has he alleged any personal injury. Consequently, his claim for breach of warranty must be dismissed.

## VI.    THE MMWA CLAIM MUST BE DISMISSED ALONG WITH THE STATE LAW WARRNTY CLAIM.

"To state a claim under the MMWA, plaintiffs must adequately plead a cause of action for breach of written or implied warranty under state law." *Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 232 (S.D.N.Y. 2015) (citing, *inter alia*, *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008)). Thus, the MMWA "does not create an independent basis for liability. Instead, liability under the federal law turns on questions of state warranty law. Accordingly, . . . if a Plaintiff's state law warranty claim is dismissed, so is his or her MMWA claim." *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016 WL 3920353, at *18 (S.D.N.Y. July 15, 2016) (internal citations omitted). *Accord Chiarelli v. Nissan N. Am., Inc.*, No. 14-CV-4327 NGG VVP, 2015 WL 5686507, at *9 (E.D.N.Y. Sept. 25, 2015) (citing, *inter alia*, *Cali v. Chrysler Grp. LLC*, No. 10 CIV. 7606 JSR, 2011 WL 383952, at *4 (S.D.N.Y. Jan. 18, 2011), *aff'd*, 426 F. App'x 38 (2d Cir. 2011)).

---

[6] Defendants acknowledge that there is currently a split among New York courts on whether privity is required for a breach of express warranty claim. Courts cited above required privity, while other courts do not. *See, e.g., Mahoney v. Endo Health Sols., Inc.*, No. 15cv9841 (DLC), 2016 WL 3951185, at *6 (S.D.N.Y. July 20, 2016) (citing pre-U.C.C. case *Randy Knitwear, Inc. v. Am. Cyanamid Co.*, 11 N.Y.2d 5 (1962)). Nonetheless, the issue remains unsettled. Some courts have stated that privity is not required in cases where a claim is based on misrepresentations contained in public advertising or sales literature. *See, e.g., Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 295 (S.D.N.Y. 2015, Furman, J.). As Plaintiff has failed to allege that any representation expressly made on the Hot Shot labeling was breached, Plaintiff cannot claim he is not required to allege privity with the Defendants under this standard.

Plaintiff's MMWA claim is a mirror image of his claim for breach of express warranties under New York law—with each claim alleging breaches of exactly the same "written warranties." (*Compare* Am. Compl. ¶¶ 46-51 *with* ¶¶ 52-60.) There is no additional allegation that Defendants otherwise failed to comply with the MMWA. (*See id.* ¶¶ 52-60.) Thus, Plaintiff's MMWA claim is wholly derivative of his state law warranty claims and should be dismissed because, as detailed above, Plaintiff's state law warranty claim fails as a matter of law. *See In re: Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 3920353, at *18 (dismissing claims under the MMWA for named plaintiffs who failed adequately to allege breach of warranties under state law); *Garcia*, 127 F. Supp. 3d at 232 (same); *Chiarelli*, 2015 WL 5686507 (same); *Cali*, 2011 WL 383952, at *4 (same); *Clemens*, 534 F.3d at 1022 (same).

In addition, the MMWA claim should be dismissed because the representations on the Products' packaging are not "written warranties" under the MMWA. As pertinent here, "written warranty" is defined in the MMWA as "any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that [1] such material or workmanship is defect free or [2] will meet a specified level of performance over a specified period of time." 15 U.S.C. § 2301(6)(A). Plaintiff fails to identify any representation that the Products were "defect free." (*See* Am. Compl. ¶¶ 52-60 (challenging only the following statements: "kills on contact," "controls heavy infestations," "keeps killing up to 2 months," "kills roaches, fleas, ants (except fire ants), spiders, & other listed insects," and that it "kills hidden bugs … penetrates into cracks, crevices & carpet fibers").) *See also Hart v. BHH, LLC,*

No. 15CV4804, 2016 WL 2642228, at *4 (S.D.N.Y. May 5, 2016) (dismissing MMWA claim

for pest repellent that stated it would repel certain pests and "rid your yard of unwanted pests").[7]

## VII.   THE UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED AS DUPLICATIVE.

"Under New York law, an unjust enrichment claim 'is available only in unusual

situations when, though the defendant has not breached a contract nor committed a recognized

tort, circumstances create an equitable obligation running from the defendant to the plaintiff.'"

*Weisblum*, 88 F. Supp. 3d at 296 (quoting *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185

(2012)).  For that reason, an unjust enrichment claim "is not available where it simply duplicates,

or replaces, a conventional contract or tort claim."  *Corsello*, 967 N.E.2d at 1185.  *See also*

*Chiarelli v. Nissan N. Am., Inc.*, No. 14-CV-4327 (NGG) (VVP), 2015 WL 5686507, at *18

(E.D.N.Y. Sept. 25, 2015) ("Courts interpreting New York state law have found that, in cases

involving allegedly defective products, express warranties cover the subject matter at issue and

an unjust enrichment claim does not lie") (collecting cases; citations omitted).

Here, the unjust enrichment claim is duplicative of the other four claims because it relies

on the same alleged conduct that forms the basis of Plaintiff's other claims, and the Amended

Complaint pleads no additional facts to support it.  (*Compare* Am. Compl. ¶ 45 (seeking

restitution on an unjust enrichment claim) *with id*. ¶¶ 32, 39, 50, 60 (seeking, *inter alia*, treble

---

[7] Likewise, Plaintiff fails to identify any representations that the Products "will meet a *specified level* of performance over a *specified period of time*."  15 U.S.C. § 2301(6)(A) (emphasis added).  Plaintiff's allegations challenging the supposed misrepresentations are entirely barebones and lack the required "specified level of performance."  *See, e.g., Bowling v. Johnson & Johnson*, 65 F. Supp. 3d 371, 378 (S.D.N.Y. 2014) (dismissing MMWA claim because "'Restores Enamel' is a product [mouthwash] description, not a promise of performance over time").  And, the only temporal reference identified by Plaintiff is the representation that the Product "keeps killing up to 2 months." (Am. Compl. ¶ 57.)  However, the "*up to* 2 months" representation is not an unequivocal statement of "a specified period of time" to be actionable under the MMWA.  *See, e.g., In re Scotts EZ Seed Litig.*, No. 12 CV 4727(VB), 2013 WL 2303727, at *5 (S.D.N.Y. May 22, 2013) (dismissing MMWA claim that "50% thicker with half the water in 32 days" because the results may have varied); *Martin v. Monsanto Co.*, No. EDCV162168JFWSPX, 2017 WL 659014, at *5 (C.D. Cal. Feb. 16, 2017) (dismissing MMWA claim because "Defendant's statement that the Roundup Concentrates 'Make Up to' a certain number of gallons neither promises a defect-free product, nor guarantees a level of performance over a specific time period").

actual damages, refunds of overpayments, damages, and other equitable relief on the other four claims).)  The unjust enrichment claim should accordingly be dismissed.  *See Weisblum*, 88 F. Supp. 3d at 296-97 ("because [plaintiff] has not shown that his unjust enrichment claim differs from his contract and tort claims, it must be dismissed"); *Koenig*, 995 F. Supp. 2d at 291 (dismissing an unjust enrichment claim as duplicative of the claims under NY GBL § 349 and breach of express warranty because "to the extent that Plaintiffs' other claims succeed, 'the unjust enrichment claim is duplicative,' and 'if plaintiffs' other claims are defective, an unjust enrichment claim cannot remedy the defects'") (quoting *Corsello*, 967 N.E.2d at 1185); *Chiarelli*, 2015 WL 5686507, at *18 (unjust enrichment claim dismissed where the complaint also alleged a breach of express warranty claim).

## <u>CONCLUSION</u>

For the reasons set forth above, Defendants respectfully request that the Court dismiss the Amended Complaint in its entirety with prejudice.

Dated:  December 30, 2019
        New York, New York

/s/ *Jamie A. Levitt*

MORRISON & FOERSTER LLP
Jamie A. Levitt
Yukiu Monica Chan
Lily Valentine Westergaard
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
JLevitt@mofo.com
MonicaChan@mofo.com
LWestergaard@mofo.com

MITCHELL SILBERBERG & KNUPP LLP
Jeffrey L. Richardson (*pro hac vice*
forthcoming)
Valentine A. Shalamitski (*pro hac vice*
forthcoming)
2049 Century Park East, 18th Floor
Los Angeles, California 90067
Telephone: (310) 312-2000
Facsimile: (310) 312-3100
JLR@msk.com
VAS@msk.com

*Attorneys for Defendants United Industries*
*Corporation and Spectrum Brands, Inc.*

24