IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIVAN BASSAW, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED INDUSTRIES CORPORATION and SPECTRUM BRANDS, INC.,<br><br>Defendants. | Case No. 1:19-cv-07759-JMF |

### RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff's Notice of Supplemental Authority (Dkt. 25) is irrelevant to Defendants' Motion to Dismiss Amended Class Action Complaint ("Motion").[1]

The supplemental authority is an out-of-jurisdiction decision, not binding on this Court, and does not change the fact that this Court lacks personal jurisdiction over non-resident Defendants as to the claims of out-of-state putative class members.  (*See* Opening Br. at 6-9; Reply at 1-2.)  In *Mussat v. IQVIA, Inc.*, an Illinois physician brought a class action against a defendant in the Northern District of Illinois under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.  Case No. 19-cv-1204, --- F.3d ---, 2020 WL 1161166 at *1-2 (7th Cir. Mar. 11, 2020).  The district court had specific jurisdiction over the defendant in Illinois as to the named plaintiff's claims.  *Id*. at *2.  As to the putative class members, the Seventh Circuit held that a jurisdictional inquiry was unnecessary because "the principles announced in [*BMS*] do not

---

[1] Unless otherwise defined, all capitalized terms have the same meaning as set out in Defendants' Memorandum of Law in Support of Motion to Dismiss Amended Class Action Complaint ("Opening Br.") and Reply Memorandum of Law in Support of Motion to Dismiss Amended Class Action Complaint ("Reply").  (*See* Dkt. 21, 24.)

ny-1886703

apply to the case of a nationwide class action filed in federal court under a federal statute." *Id*. at *1. The *Mussat* opinion does not inform the issues raised by Defendants for two reasons.

First, despite having had a prior opportunity to amend, Plaintiff still has not alleged that the out-of-state putative class members' "*suit* [] aris[e] out of or relat[e] to the [D]efendant[s'] contacts with the *forum*" to subject Defendants to jurisdiction in New York. *Bristol-Myers Squibb Co. v. Super. Ct. ("BMS")*, 137 S. Ct. 1773, 1780 (2017) (quotation marks and citation omitted) (emphasis in original). This is uncontroverted and dispositive. *Id.* at 1781 (exercise of personal jurisdiction is unconstitutional when there is no "connection between the forum and the specific claims at issue" against a nonresident defendant). Here, Plaintiff's barebones and conclusory allegations are insufficient for the exercise of specific jurisdiction over Defendants as to the claims of nonresident putative class members. (*See* Am. Compl. ¶¶ 10, 11, 14, 15, 17 (alleging only that UIC "is a leading manufacturer of consumer pest control products in the United States" and "manufactures the Products under the Hot Shot brand name"; that Spectrum "is a leading supplier of consumer pest control products throughout the United States" and "markets and distributes the Products throughout the United States"; that Defendants have allegedly "sold millions of units of Hot Shot"; and that "Defendants do business throughout this District").)

Second, unlike the court in *Mussat*, courts in the Second Circuit have applied *BMS* in the class action context. *See In re Dental Supplies Antitrust Litig.*, No. 16-CV-696 (BMC) (GRB), 2017 WL 4217115 (E.D.N.Y. Sept. 20, 2017) (applying *BMS* in class action context); *Gazzillo v. Ply Gem Indus., Inc.*, No. 17-CV-1077 (MAD/CFH), 2018 WL 5253050, at *7 (N.D.N.Y. Oct. 22, 2018) (same). Accordingly, to the extent *Mussat* announces a generally applicable rule in the Seventh Circuit, that rule is discordant with the law in this Circuit.

In short, Plaintiff's supplemental authority does not alter the outcome of Defendants' Motion. For all the reasons set forth in Defendants' Motion, Defendants submit that the Amended Complaint should be dismissed in its entirety with prejudice.

Dated: March 23, 2020
       New York, New York

/s/ *Jamie A. Levitt*

MORRISON & FOERSTER LLP
Jamie A. Levitt
Yukiu Monica Chan
Lily Valentine Westergaard
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
JLevitt@mofo.com
MonicaChan@mofo.com
LWestergaard@mofo.com

MITCHELL SILBERBERG & KNUPP LLP
Jeffrey L. Richardson (*pro hac vice* forthcoming)
Valentine A. Shalamitski (*pro hac vice* forthcoming)
2049 Century Park East, 18th Floor
Los Angeles, California 90067
Telephone: (310) 312-2000
Facsimile: (310) 312-3100
JLR@msk.com
VAS@msk.com

*Attorneys for Defendants United Industries Corporation and Spectrum Brands, Inc.*