Yitzchak Kopel
Alec M. Leslie
Bursor & Fisher, P.A.
888 Seventh Ave.
New York, NY  10019
Phone: (646) 837-7127
Fax: (212) 989-9163
ykopel@bursor.com
aleslie@bursor.com

*Attorneys for Plaintiff*

Jamie A. Levitt
Monica Chan
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
Phone: (212) 336-4311
jlevitt@mofo.com
monicachan@mofo.com

*Attorneys for Defendants*

October 1, 2020

**By ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

***Bassaw v. United Industries Corporation et al.*, 1:19-cv-07759-JMF (S.D.N.Y.) – Joint Letter**

Dear Judge Furman:

      The undersigned represent the parties in the above-referenced action.  Pursuant to Your Honor's Civil Case Management Plan and Scheduling Order, counsel for Shivan Bassaw ("Plaintiff") and counsel for United Industries Corporation ("UIC") and Spectrum Brands, Inc. ("Spectrum," together with UIC, "Defendants") respectfully submit this Joint Letter.  The parties also attach the proposed completed Civil Case Management Plan and Scheduling Order (the "Proposed Order").

      **1.     A brief statement of the nature of the action and the principal defenses.**

      In the First Amended Class Action Complaint ("FAC") filed on December 9, 2019 (Dkt. No. 19), Plaintiff, on behalf of a nationwide class and/or New York State subclass, alleges false and misleading marketing, advertising and sale of Hot Shot Foggers[1] (the "Product").  (FAC ¶ 1.)  Plaintiff alleges five counts against Defendants: Count I (New York General Business Law ("NYGBL") § 349), Count II (NYGBL § 350), Count III (Unjust Enrichment), Count IV (Breach of Express warranty), and Count V (Magnuson-Moss Warranty Act).

---

[1] The Complaint contains a typographical error listing the product as "Hot Shot Concentrated Deep Reach Fogger," but includes an image correctly depicting the product name as Hot Shot Fogger with Odor Neutralizer.  *See* FAC ¶¶ 1-2.  As discussed below, Plaintiff intends to move for leave of Court to file a proposed Second Amended Complaint, which will correct this error.

The Honorable Jesse M. Furman
October 1, 2020
Page 2

On August 31, 2020, the Court dismissed Counts III-V of the FAC with prejudice and dismissed Plaintiff's claims for injunctive relief (ECF No. 29, the "Order").

Defendants filed their answer on September 21, 2020.  Defendants' principal defenses include (among others):  (1) the FAC fails to state a claim upon which relief can be granted because, among other reasons, Defendants did not make false or misleading representations; and (2) that neither Plaintiff nor any putative class member has suffered any damages or injury in fact by reason of any act or omission by Defendants.  Further, it is Defendants' position that because the Order dismissed Counts III-IV and because Plaintiff acknowledged in the FAC that he sought to "bring[s] [the GBL §§ 349 and 350] claim[s] individually and on behalf of members of the New York Subclass against Defendants" (FAC ¶¶ 27, 34),[2] Plaintiff has no basis to bring claims on behalf of a nationwide class on these claims.  Furthermore, Defendants note that they have never manufactured, supplied, marketed, or distributed Hot Shot Concentrated Deep Reach Fogger or the Product, and therefore, the reference to Hot Shot Concentrated Deep Reach Fogger in the FAC is in error.

Thereafter, on September 29, 2020, Plaintiff's counsel sent a demand letter regarding the same Product to Defendants on behalf a second consumer, Sylvia Fields.  Plaintiff intends to file a motion pursuant to Fed. R. Civ. P. 15(a)(2) for leave of Court to file a Second Amended Complaint to include Ms. Fields's claims.  Whereas the Court's August 31, 2020 Opinion and Order dismissed Plaintiff Bassaw's warranty claims for failure to provide timely notice, Dkt. No. 29 at 7-9, Plaintiff contends that Ms. Fields's claims suffer no such deficiency because she purchased and used the Product in June 2020, just three months prior to her demand letter.  Defendants are reviewing Ms. Fields's September 29, 2020 demand and will respond thereto.  Defendants do not have sufficient information to respond at this time to Plaintiff's position regarding notice and therefore, reserve all rights—including a potential opposition to motion for leave to amend—given the facts and the Court's August 31, 2020 Order denying leave to amend the warranty claims.

Thus, the proposed Second Amended Complaint, if permitted, will (1) correct the aforementioned typographical error in the Product name; (2) include Ms. Fields's claims; and (3) remove the previously-dismissed claim for unjust enrichment.  If Plaintiff's motion is denied, Ms. Fields will file her claims in a separate, related action in the Southern District of New York.

2.      **Statement of jurisdiction and venue.**

Plaintiff is a citizen of Bronx, New York who allegedly purchased the Product from an online retailer.  (FAC ¶ 13.)  UIC is a Delaware corporation headquartered in Missouri.  (*Id.* ¶ 14.)  Spectrum is a Delaware corporation headquartered in Wisconsin.  (*Id.* ¶ 15.)

---

[2] Plaintiff also acknowledged in his Memorandum of Law in Opposition to Defendants' Motion to Dismiss Amended Class Action Complaint, filed on January 13, 2020 (ECF No. 23, "Opposition"), that "Plaintiff's allegations make clear he is not bringing his GBL claims on behalf of a nationwide class, only a New York subclass." (Opposition at 7.)

The Honorable Jesse M. Furman
October 1, 2020
Page 3

The FAC alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332(d) because there are more than 100 putative class members, the aggregate amount in controversy exceeds $5,000,000, and at least one class member (e.g., Plaintiff) is a citizen of a state different from Defendants. The FAC alleges that venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff purchased the Product in this District, the challenged advertising claims and sales occurred in this District, and Defendants are subject to personal jurisdiction because they conduct substantial business here.

**3.      A statement of all existing deadlines, due dates, and/or cut-off dates.**

At this time, the Court has set an Initial Pretrial Conference on October 8, 2020 at 3:30 p.m.  The parties are submitting the attached completed and Proposed Order for Your Honor's review pursuant to the Notice of Initial Pretrial Conference.  The parties are not aware of any other deadlines or due dates at this time.

**4.      A brief description of any outstanding motions.**

There are no outstanding motions pending at this time.

**5.      A brief description of the status of discovery and of any additional discovery that needs to be completed.**

The parties engaged in a Rule 26(f) conference on September 15, 2020.  As reflected in the Proposed Order, the parties have agreed to April 6, 2021 as the close of fact discovery and June 21, 2021 as the close of expert discovery.  Based on the Proposed Order, initial disclosures would be completed no later than 14 days from the date of the Proposed Order with requests for production and interrogatories to be served no later than November 6, 2020.

Plaintiff served written discovery on September 15, 2020.

**6.      A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any.**

The parties have not yet discussed resolution of this action.  During the parties' Rule 26(f) conference, Plaintiff requested that Defendants provide sales information for the Product in the event Defendants were interested in discussing early resolution.  The parties did not have further settlement discussions.

**7.      The use of alternate dispute resolution mechanisms.**

The parties have not discussed the use of alternate dispute resolution mechanisms.

The Honorable Jesse M. Furman
October 1, 2020
Page 4

**8.      A statement of the anticipated length of trial and whether the case is to be tried to a jury.**

The parties currently estimate the need for two weeks to try this case before a jury.

**9.      A statement of whether the parties anticipate filing motions for summary judgment.**

Defendants anticipate moving for summary judgment.

**10.      Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.**

At this time, there are no other issues the parties would like to address at the pretrial conference or any information the parties believe may assist the Court in advancing the case to settlement or trial.

Pursuant to Your Honor's September 29, 2020 Order (ECF No. 31) the parties would like to proceed with the Initial Conference as scheduled. The parties are available for a telephonic conference on October 6 from 9am to 12pm ET or 3pm to 4pm ET, on October 9 from 9am to 11am ET or 1pm-2pm ET, or any date/time thereafter that is convenient for the Court.

Thank you in advance for Your Honor's consideration of and attention to this submission from the parties.

Respectfully submitted,


*/s/ Yitzchak Kopel*                                          */s/ Jamie A. Levitt*
Yitzchak Kopel                                               Jamie A. Levitt
*Attorneys for Plaintiff*                                    *Attorneys Defendants*

Encls.