UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIVAN BASSAW and SYLVIA FIELDS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED INDUSTRIES CORPORATION and SPECTRUM BRANDS, INC.,<br><br>Defendants. | Civil Action No. 1:19-cv-07759-JMF |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Shivan Bassaw and Sylvia Fields and Defendants United Industries Corporation and Spectrum Brands, Inc. (Plaintiffs and Defendants, collectively, the "parties" and any one of them, a "party") having agreed to the following terms, and the Court having found that good cause exists for issuance of an appropriately-tailored order governing confidential information that may be produced or obtained in this litigation (the "Order"), it is therefore hereby ORDERED that any person subject to this Order — including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms:

1.      Any person subject to this Order who receives from any other person any information of any kind — whether in documents, testimony, or any other form — provided in the course

1

of this litigation ("Discovery Material") that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Discovery Material or any information derived therefrom, including without limitation, all copies, excerpts, summaries, or compilations thereof (hereinafter collectively "Confidential Discovery Material"), to anyone else except as expressly permitted by this Order.

2. The party or third party producing any given Confidential Discovery Material may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" only the portion of such Confidential Discovery Material that it and its attorney reasonably and in good faith believe consists of:

    a. previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, sale margins, and tax returns);

    b. previously non-disclosed material relating to ownership or control of any non-public company;

    c. commercially sensitive information, including but not limited to business plans or marketing plans, research or technical information, customer and client information or data, and information related to the producing person's contractual relationships;

    d. trade secrets, proprietary processes, product pricing, or previously non-disclosed proprietary business information that is not publicly available;

e. information prohibited from disclosure by court order, contract, statute, regulation or constitutional provision;

f. any information of a personal or intimate nature regarding any individual, including without limitation personally identifying information of an individual and personnel or employment records of an individual;

g. any other category of information this Court subsequently affords confidential status.

3. Confidential Discovery Material may be designated as "Highly Confidential – Attorneys' Eyes Only" if it is of such a highly sensitive private, financial, commercial, technical or competitive nature that disclosure thereof without the protections of this Order would provide an unfair competitive advantage or create a risk of serious injury that could not be avoided by less restrictive means. Whereas, public records and other information or documents that are publicly available may not be designated as "Highly Confidential – Attorneys' Eyes Only."

4. With respect to the confidential portion of any Confidential Discovery Material, other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the document or protected portion of the document in a manner that will not interfere with legibility or audibility. Any copies ("copies" include electronic images, duplicates, extracts, summaries or descriptions that contain information from Confidential Discovery Material) that are made of any documents marked "Confidential"

or "Highly Confidential – Attorneys' Eyes Only" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Discovery Material are not required to be so marked.  Deposition testimony may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" either on the record during the deposition or within thirty (30) days of receipt of the final transcript.

5. At any time prior to the trial of this action, any Confidential Discovery Material inadvertently produced without limitation may be designated by the producing person as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by informing all parties in writing that the Confidential Discovery Materials should be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under this Order.  An inadvertent failure to designate a document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the right to so designate the document. If the producing person designates a document after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Confidential Discovery Material designated as "Confidential" by the producing person to any other person, directly or indirectly, except:

a.     the receiving party's outside counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

b.     the officers, directors, in-house legal counsel, and employees of the receiving party to whom disclosure is reasonably necessary for this litigation;

c.     Named Plaintiffs;

d.     any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel of the receiving party, provided disclosure is reasonably necessary for this litigation and that no person described in this subparagraph may be a current employee, officer or director of a direct competitor of Defendants;

e.     the court and its personnel;

f.     court reporters and their staff, professional jury or trial consultants, mock jurors, mediators or settlement officers mutually agreed upon by the parties and the mediators or settlement officers support personnel, and professional vendors to whom disclosure is reasonably necessary for this litigation;

g.     deposition or trial witnesses in the action to whom disclosure is reasonably necessary for this litigation (witnesses shall not retain a copy of protected documents, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts; pages of transcribed deposition testimony or exhibits to depositions that reveal protected material must

be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order);

 h. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

 i. any other person with the prior written consent of the designating party or prior order of the Court.

7. No person subject to this Order other than the producing person shall disclose any of the Confidential Discovery Material designated as "Highly Confidential – Attorneys' Eyes Only" by the producing person to any other person, directly or indirectly, except:

 a. the receiving party's outside counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

 b. in-house legal counsel of the receiving party, provided disclosure is reasonably necessary for this litigation;

 c. any person retained to serve as an expert witness or otherwise provide specialized advice to counsel of the receiving party, provided disclosure is reasonably necessary for this litigation; no person described in this subparagraph may be a current employee, officer or director of a direct competitor of Defendants;

 d. the court and its personnel;

 e. court reporters and their staff, professional jury or trial consultants, mock jurors, mediators or settlement officers mutually agreed upon by the parties and the

mediators or settlement officers support personnel, and professional vendors to whom disclosure is reasonably necessary for this litigation;

    f.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

    g.    any other person with the prior written consent of the designating party or prior order of the Court.

8.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(c), 6(d), 6(f), 6(g), 6(i), 7(c), 7(e), and 7(g) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form attached to this Order as Exhibit A.  Counsel shall retain each signed Non-Disclosure Agreement.

9.    Counsel of record for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Discovery Material.  Counsel of record shall maintain the Non-Disclosure Agreements signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

10.    This Order does not, by itself, authorize the filing of any document under seal.  All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court in the manner provided by the Court's "CM/ECF Procedures Manual" (available on the Court's website).  The parties will use their reasonable best efforts to minimize the filing of Confidential Discovery Materials under seal.

11.     Any party may challenge a designation of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation by electing not to mount a challenge promptly after the original designation is disclosed.

      a.     The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice.

      b.     If the parties cannot resolve a challenge without court intervention, the challenging party may file a motion for purposes of challenging a confidentiality designation, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a certification that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

  c. All parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the Court rules on the challenge.

12. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the receiving party shall immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Non-Disclosure Agreement in the form of Exhibit A.

13. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege, work-product protection, or other legal privilege protecting information from discovery ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

15. The obligations of the receiving party in connection with the Inadvertently Disclosed Information are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Further, pursuant to Federal Rule of Evidence 502(d) and (e), the parties have incorporated their "Clawback" agreement as set forth in Exhibit B, attached hereto.

16. Nothing in this Order will prevent any party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction. In the event a party or counsel for a party receives a subpoena, court order, or other compulsory process issued in another litigation or proceeding demanding production of Confidential Information produced in this action (the "request"), the party receiving such request shall:

    a. As soon as reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any disclosure, notify in writing (via email, facsimile or overnight delivery) the designating party and its counsel of record herein; such notification shall include a copy of the request unless prohibited by law;

    b. As soon as reasonably possible notify in writing the party who caused the request to issue that some or all of the material covered by the request is subject to this Order; such notification shall include a copy of this Order; and

    c. Cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Discovery Material may be affected.

17. If the designating party timely seeks a protective order regarding the request referenced in the above paragraph, the party served with said request shall not produce any Confidential Discovery Material designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" before a determination by the court or tribunal from which the request issued, unless the party has obtained the designating party's permission,

or unless otherwise required by the law or court order. The designating party shall bear the burden and expense of seeking protection in that court or tribunal of its Confidential Discovery Material and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this Action to disobey a lawful directive from another court. The obligations set forth in this Section remain in effect while the party has in its possession, custody or control Confidential Discovery Material of the designating party in this case.

18. This Order shall survive the termination of the litigation. Within sixty (60) days of the final disposition of this action (defined as dismissal or entry of final judgment not subject to further appeal), all Confidential Discovery Material, including copies, excerpts, summaries, or compilations thereof, shall be returned promptly to the producing person, or, upon permission of the producing person, destroyed.

19. The Court does not retain jurisdiction over orders such as this after the litigation is concluded.

20. This Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence. There are no intended beneficiaries of this Order other than the parties to this action and the Court, and no other person shall acquire any right hereunder.

21. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

22. Applications to the Court for an order relating to materials or documents designated Confidential Discovery Material shall be by motion.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

23. By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

24. This Order shall take effect when entered by the Court and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.  Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**SO STIPULATED AND AGREED:**

*/s/ Jamie Levitt*  
JAMIE LEVITT  
Counsel for Defendants  
Dated:  December 8, 2020

*/s/ Yitzchak Kopel*  
YITZCHAK KOPEL  
Counsel for Plaintiffs  
Dated:  December 8, 2020

**SO ORDERED.**

Dated: December 8, 2020

_____  
HON. JESSE M. FURMAN  
U.S. DISTRICT JUDGE

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." S*ee generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019)

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIVAN BASSAW and SYLVIA FIELDS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br>     v.<br><br>UNITED INDUSTRIES CORPORATION and SPECTRUM BRANDS, INC.,<br><br>                    Defendants. | Civil Action No. 1:19-cv-07759-JMF<br><br>**NONDISCLOSURE AGREEMENT** |

1.  I, _____ , acknowledge that I have read and understand the Stipulated Protective Order in this action (the "Order"), and agree to be bound by its terms.

2.     I understand, in particular, that any Confidential Discovery Material, and any copies, excerpts or summaries thereof and materials containing Confidential Discovery Material or derived from Confidential Discovery Material, may be used only for the purposes of the above-captioned litigation, and may not be used for any other purpose, including, without limitation, any business or commercial purpose.

3.     I agree that I will not disclose any Confidential Discovery Material produced in this litigation to anyone other than persons permitted to have access to such material pursuant to the terms and restrictions of the Order, that I will not disclose any

13

Confidential Discovery Material to anyone for purposes other than this litigation, that I will maintain the appropriate security as to the Confidential Discovery Material made available to me, and that at the conclusion of the litigation, or sooner if so requested, I will return or destroy all such material, including all copies, excepts, summaries, and compilations thereof, to the party or attorney from whom I received any Confidential Discovery Material.

    4.    By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under this Non-Disclosure Agreement and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated:_____

    Signature_____

    Print Name_____

Job Title: _____

Employer:_____

Business Address:

_____

_____

**EXHIBIT B**

In addition to the provisions of FRCP Rule 26(b)(5) and FRE 502, the parties agree to the following procedure to reclaim privileged materials inadvertently produced:

(a) If electronically stored information produced in discovery is subject to a claim of privilege or of protection as attorney work product, the party making the claim may notify any party that received the information of the claim and the basis for the claim.

(b) After being notified of a claim of privilege or of protection under subdivision (a), a party that received the information shall immediately sequester the information and return or destroy the specified information and any copies that may exist (and provide a certification of counsel that all such information has been returned or destroyed, upon request) or present the information to the Court conditionally under seal for a determination of the claim (any such motion shall not assert as a ground the fact or circumstances of the inadvertent production).

(c) (1) Prior to the resolution of the motion brought under subdivision (d), a party shall be precluded from using or disclosing the specified information until the claim of privilege is resolved.

(2) A party who received and disclosed the information before being notified of a claim of privilege or of protection under subdivision (a) shall, after that notification, immediately take reasonable steps to retrieve the information.

(d) (1) If the receiving party contests the legitimacy of a claim of privilege or protection, it, he or she may seek a determination of the claim from the Court by making

a motion within 20 calendar days of receiving the claim and presenting the information to the Court conditionally under seal.

(2) Until the legitimacy of the claim of privilege or protection is resolved, the receiving party shall preserve the information and keep it confidential and shall be precluded from using the information in any manner.